## City of Shelbyville v. McGrath.

(Decided May 18, 1923.)

### Appeal from Shelby Circuit Court.

1. Municipal Corporations—Treasurer Cannot Pay Commission to Himself Without Warrant.—The treasurer of a city as a ministerial officer is in legal contemplation a different person from the individual occupying the office, and he cannot appropriate funds belonging to the city for payment to him of a claim for commissions without an order or direction from the city, evidenced by a warrant issued by the city and signed by the mayor or other executive officials, and countersigned by the clerk of the board, as provided by Ky. Stats., section 3555.

2. Municipal Corporations—Answer of Treasurer Held Not Valid as Counterclaim for Commissions Due.—Even though a city treasurer, in an action against him for money paid to himself without warrant, could set up a valid counterclaim for commissions, for which he paid the money to himself, an answer by him designated as a counterclaim and set-off, which alleged that the city owed him the amount for commissions, and prayed that he be dismissed, with his costs, without asking affirmative relief, was not good as a counterclaim and a demurrer thereto should have been sustained.

C. G. BARRICKMAN and PICKETT, BARRICKMAN & KALTENBACHER for appellant.

WILLIS, TODD & WILLIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

Appellee McGrath, as treasurer of the city of Shelbyville, collected taxes for the schools of that municipality amounting to $19,518.15, which were paid out on the order of the trustees of the Shelbyville graded school district. Later appellee McGrath presented a bill for a commis-

sion of four (4%) per cent. for the collections of the taxes, which commission amounted to $780.73. The city declined to pay the bill, thereupon McGrath, as treasurer, drew a check on the account of W. A. McGrath, treasurer, for $780.73, payable to W. A. McGrath as an individual, and cashed the check and placed the money to his individual account. Upon his declining to repay the aforesaid sum to the city that municipality brought this action against him to recover the amount thus withdrawn from the funds of the city. He answered and admitted on March 4, 1921, while he was the duly elected, qualified and acting treasurer of the city of Shelbyville he drew a check on the account of the city for $780.73, payable to himself as an individual, and that he drew money from this account as treasurer and placed it to his individual account; that he did not have any warrant or authority from the city or its mayor or other officials to make such check and that he made such check because he conceived that the city owed him said amount as commissions for collecting $19,518.15 school taxes. The money which he appropriated—$780.73—was not a part of the money collected for school taxes for which he claims a commission, but was other money which belonged to the city. The city demurred to his answer and to each paragraph thereof but the court overruled the demurrer. The city declining to further plead, its cause was dismissed. This appeal is prosecuted by the city.

It must be conceded that appellee McGrath had no right whatever to appropriate funds belonging to the city for the payment to him of a claim for commissions, without an order or direction from the city council, evidenced by a warrant or claim issued by the city and signed by the mayor or other executive official, and countersigned by the clerk of the board as provided by section 3555, Kentucky Statutes, as well as by the ordinances of the city of Shelbyville. W. A. McGrath, treasurer, in legal contemplation was and is a different person from the individual W. A. McGrath. It is likewise true that W. A. McGrath could not exercise the same powers which belonged to W. A. McGrath, treasurer. As treasurer he was a mere ministerial officer. He had no right or power to appropriate moneys for any purpose. He could only pay out moneys upon the direction of certain officials of the city and not otherwise. When he undertook to pay out moneys belonging to the city and in its treasury with-

out an order from the proper officials, signed in the manner required by section 3555, Kentucky Statutes, he not only exceeded his authority but violated the plain provisions of the law. That the city owed him $780.73, or any other sum, is yet to be determined. His claim for four (4%) per cent. commission may not be admitted by the city.

If, as claimed by appellee, McGrath, the city is indebted to him for the collection of taxes that was a claim upon which he might have maintained an action against the city. But he could not appropriate the city's money in the way which he attempted to the payment of his individual claim. The rule is stated in 28 Cyc., page 460, where it is said:

"The fixed salary of a municipal officer is payable only in the mode provided by law, which is usually from a particular fund by a particular disbursing officer. Therefore, unless expressly empowered by law, a municipal officer cannot pay himself directly or indirectly by retaining the funds collected by him in the performance of his official duties. A charter provision that salaries are to be paid monthly does not require that they shall be paid in cash, but means nothing more than that warrants for their payment shall be issued monthly."

Inasmuch as appellee McGrath admits that he appropriated the money of the city to the payment of his individual debt without the consent of the city, or its officials, he cannot resist a recovery by the city, but he may in the same action by counterclaim recover whatever is due him, if anything, against the city and have the one offset against the other. This he has not attempted to do although he styles his answer a counterclaim and set-off. The prayer to the pleading, which is the test, reads: "Having fully answered he asks to be dismissed with his cost and all proper relief." He prays no affirmative relief. The answer was not good as a counterclaim or set-off, and the trial court should have sustained appellant's demurrer thereto. Failing to do so it committed reversible error.

On a return of the case the court will allow the parties to plead to an issue.

Judgment reversed for proceedings not inconsistent herewith.

Judgment reversed.